# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JOHN FLOWERS,

    *Petitioner*,

vs.

WARDEN, *et al.*,

    *Respondents*.

3:10-cv-00367-ECR-VPC

ORDER

    This habeas matter under 28 U.S.C. § 2254 comes before the Court on petitioner's application (#1) to proceed *in forma pauperis*, motion (#3) to expand the writ, motion (#4) to extend the time to pay the filing fee, motion (filed with #1-1) for appointment of counsel, motion (filed with #1-2) for equitable tolling of the limitation period, motion (filed with #1-3) to file a supplemental memorandum of points of authorities, and a motion styled as a motion (filed with #1-4) for amicus curiae.

    With regard to fee payment issues, the financial information filed with the initial application was approximately one year old. The more current financial information submitted with the motion to extend the time to pay the filing fee reflects that petitioner's current balance in his inmate account is not sufficient to pay the $5.00 filing fee. The Court will grant the application to proceed *in forma pauperis* and will deny the motion to extend the time to pay the filing fee as moot.

    On the motion for appointment of counsel, the Court will appoint counsel out of an abundance of caution, in light of petitioner's assertion that he is on forced psychiatric medications currently, his reliance upon the medication regime to establish equitable tolling

and cause-and-prejudice, his reliance also upon actual innocence based upon alleged newly discovered evidence (surveillance videos, DNA results and an alleged recantation) to overcome the untimeliness of the petition and the procedural default of claims therein, the number and complexity of the potential procedural and substantive issues, and the sentence imposed of life with the possibility of parole after 20 years.

In appointing counsel on this basis, however, the Court notes that, the alleged forced medications notwithstanding, petitioner has filed extensive papers in the state courts and in this action, albeit allegedly with inmate law clerk assistance. Moreover, the state supreme court held, twice, that petitioner failed to demonstrate that he was actually innocent.[1] On the second occasion, the state supreme court specifically stated, with regard to factually-related cause-and-prejudice issues, that petitioner had failed to demonstrate that allegedly exculpatory videotapes existed, that recent DNA testing of physical evidence in the case exonerated him, or that the recantation actually had occurred. Nothing in this order appointing counsel constitutes an express or implied holding accepting any of petitioner's factual assertions regarding an alleged mental impediment at any time, equitable tolling, cause and prejudice, or actual innocence. The Court reserves the option of revisiting the factual assumptions underpinning the appointment of counsel should counsel issues arise later in this case at a time when the Court has a more complete factual record.

In this same vein, the Court will deny the motion (filed with #1-2) for equitable tolling of the limitation period without prejudice. Petitioner does not tender any competent evidence with the motion supporting his factual assertions as to equitable tolling and actual innocence based upon the existence of exculpatory videotapes and DNA evidence. Moreover, petitioner's supposition that a time-barred state petition statutorily tolls the federal limitation period is incorrect. *See Pace v. DiGuglielmo*, 544 U.S. 408, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005). The Court likely will decide the time-bar issue on a show-cause inquiry after allowing appointed counsel an opportunity to investigate the case prior to filing a response.

---

[1] See #1-5, at electronic docketing pages 46-48 and 53.

1   The motion (filed with #1-3) to file a supplemental memorandum of points of authorities
2 and the motion styled as a motion (filed with #1-4) for amicus curiae both will be denied. Both
3 motions seek to allow the filing of memoranda presenting extensive factual allegations and
4 legal argument not set forth in the petition through separate memoranda. Petitioner must use
5 the Court's required Section 2254 petition form to state his claims, and he must state his
6 claims within the body of the petition form. Supplemental memoranda are not permitted in
7 this context.

8   The motion (#3) to expand the writ seeks leave to file a longer petition. The sixty-page
9 pleading attached with the motion appears on preliminary review to be identical to the original
10 petition. The Court will direct that the pleading be filed as an amended petition. The Court's
11 order directing the filing of the original and amended petitions does not signify that the
12 pleadings are free of deficiencies. The *pro se* pleadings instead are filed subject to the
13 possible later filing of a counseled amended petition.

14   IT THEREFORE IS ORDERED that petitioner's application (#1) to proceed *in forma*
15 *pauperis* is GRANTED, such that petitioner will not be required to pay the $5.00 filing fee, and
16 that the motion (#4) to extend the time to pay the filing fee is DENIED as moot.

17   IT FURTHER IS ORDERED that the Clerk of Court shall file the petition (#1-5).

18   IT FURTHER IS ORDERED that the Clerk shall file the motion (filed with #1-1) for
19 appointment of counsel submitted with the petition, that said motion is GRANTED, and that
20 the Clerk shall reflect the grant of the motion by this order on the docket sheet. The counsel
21 appointed will represent petitioner in all federal proceedings related to this matter, including
22 any appeals or *certiorari* proceedings, unless allowed to withdraw.

23   IT FURTHER IS ORDERED that the Federal Public Defender for the District of Nevada
24 shall be provisionally appointed as counsel and shall have thirty (30) days to undertake direct
25 representation of petitioner or to indicate to the Court her office's inability to represent
26 petitioner in these proceedings. If the Federal Public Defender is unable to represent
27 petitioner, the Court then shall appoint alternate counsel.

28   / / / /

Following entry of a notice of appearance by counsel, the likely next step will be an order directing appointed counsel, following investigation of the case, to show cause within 120 days why the petition should not be dismissed as time-barred.  The case remains under initial review under Rule 4 of the Rules Governing Section 2254 Cases.  Respondents will have an opportunity to respond but need not do so.  The Court further has not held implicitly or explicitly that the *pro se* petition is fully exhausted and/or otherwise free of deficiencies.  The Court has deferred all such screening issues pending a determination as to whether the petition is time-barred in the first instance.  If the Court does not reach a conclusion during screening that then would result in the dismissal of the petition as untimely, the Court likely will direct counsel to file an amended petition before it considers exhaustion or any further screening issues.  If petitioner's counsel wishes to amend the petition and/or seek other relief prior to responding to the show cause order, counsel shall request such relief by the 120-day response deadline.  Nothing in the Court's orders halts the running of the federal limitation period as to the petition or any claim absent an express direction to that effect.

IT FURTHER IS ORDERED that the Clerk of Court shall add Attorney General Catherine Cortez Masto as counsel for respondents and shall electronically serve both this order and the original and amended petitions upon both the Federal Public Defender and the Attorney General.

IT FURTHER IS ORDERED that respondents' counsel shall enter a notice of appearance herein within twenty (20) days of entry of this order, but no further response shall be required from respondents until further order of this Court.

IT FURTHER IS ORDERED that the Clerk shall file the motion (filed with #1-2) for equitable tolling of the limitation period, that said motion is DENIED without prejudice, and that the Clerk shall reflect the denial of the motion by this order on the docket sheet.

IT FURTHER IS ORDERED that the Clerk shall file the motion (filed with #1-3) to file a supplemental memorandum of points of authorities and the motion styled as a motion (filed with #1-4) for amicus curiae, that both motions are DENIED, and that the Clerk shall reflect the denial of both motions by this order on the docket sheet.

1     IT FURTHER IS ORDERED that the motion (#3) to expand the writ is GRANTED to
2 the extent, and only to the extent, that the Clerk shall file the pleading attached with the
3 motion as an amended petition.
4     The Clerk of Court accordingly shall send a copy of this order to the *pro se* petitioner,
5 the Attorney General (by informal electronic service, with a copy of the original and amended
6 petitions), the Federal Public Defender (in the same manner), and the CJA Coordinator for
7 this Division.
8     DATED:   June 28, 2010

                                                     */s/ Edward C. Reed*
                                                     EDWARD C. REED
                                                     United States District Judge